## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:18CR750** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CHARLES URBAN,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Charles Urban's Motion for Immediate Release due to Danger from Conoravirus. (Doc. 29). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On December 19, 2018, a Grand Jury indicted Defendant with eight counts stemming from the distribution of narcotics, violations of 21 U.S.C. § 841(c)(1) and (b)(1)(C). (Doc. 1). Defendant waived his right to a Detention Hearing. (Doc. 7). On March 18, 2020, Defendant notified the Court of his intent to enter a plea of guilty to the Indictment. (Doc. 28). The Court set a Change of Plea Hearing for April 13, 2020, which has been subsequently rescheduled for May 5, 2020.

On March 31, 2020, Defendant filed his Motion for Release. (Doc. 29). The Government responded on April 7, 2020 asking the Court to deny Defendant's request. (Doc. 30).

## II. LAW & ANALYSIS

Defendant asks the Court to reopen the decision to detain due to changed circumstances. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant argues that the Court should order "his immediate release to home detention due to the substantial risk to himself and the community from the current COVID-19 pandemic." (Doc. 29, PageID: 66). He claims the risk is heightened given the conditions of the local jails. He does not discuss his danger to the community or his risk of flight. Rather, he claims he is a non-violent offender and any potential sentence may include time-served since he has been in custody since October 31, 2018.

The Court understands the general risks that COVID-19 presents to certain populations, including those is jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The fact that COVID-19 may come to the facility where Defendant is housed does not go to Defendant's flight risk or danger to the

community.  Moreover, in this case where detention is presumed given the nature of the charges, *see* 18 U.S.C. § 3142(e)(3), Defendant does not allege any facts to overcome that presumption.

Defendant's proposed relief of immediate release fails to appreciate the circumstances of his case.  As an initial matter, he committed the alleged crimes while under the supervision of state official for previous crimes.  He also neglects the burden such relief would place on Pretrial Services.  Moreover, jail officials are taking the necessary precautions to stop the introduction and spread of COVID-19 at the facility.[1]  (Doc. 30, PageID: 75-79).  Finally, Defendant has not alleged any previous health conditions that would make him an "at-risk" person should he contract the virus.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: April 14, 2020**

---

[1] As of April 13, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-13-2020%20%201411.pdf) (last accessed Apr. 14, 2020).  While the institution is in lockdown, this appears to be a precautionary measure due to one of the institution's contractors testing positive for the virus.